**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA VONBERCKEFELDT, | 1:09cv1927 DLB |
| Plaintiff, | ORDER REQUIRING PARTIES TO SUBMIT ADDITIONAL BRIEFING |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

On December 8, 2010, Plaintiff Monica VonBerckefeldt submitted an application for for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Defendant filed an opposition on January 28, 2011. Plaintiff has not yet filed a reply.

The instant fee application raises an additional question not addressed by the parties. May Plaintiff recover attorney fees for work performed by Mr. Wilborn, who is not a member of either the California Bar or the Bar of this Court?[1]

Local Rule 180(b) states, "(e)xcept as otherwise provided herein, only members of the Bar of this Court shall practice in this Court." It is undisputed that Mr. Wilborn is not a member of the California Bar or the Bar of this Court. Therefore, the only exception which may apply is

---

[1] According to his Declaration, Mr. Wilborn is a member of the Oregon State Bar and is admitted to practice in all Oregon state courts. He is also admitted to practice before the United States District Court for the District of Oregon, the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for Veterans Claims and the United States Supreme Court. He resides in Arizona.

1

Local Rule 180(b)(2), which governs admission *pro hac vice*. It does not appear that Mr. Wilborn is admitted, or has applied to be admitted, *pro hac vice*. Even if he were admitted *pro hac vice,* however, it is not clear that admission *pro hac vice* is appropriate to permit an attorney, who is not a member of this Court's Bar, to practice regularly in unrelated cases before this Court.

The Ninth Circuit Court of Appeals addressed this question in *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009). There, the Ninth Circuit held that an Oregon attorney who was not admitted to the California State Bar or admitted to practice *pro hac vice* in the Central District of California, could recover attorney fees for work in an action prosecuted before the Central District of California. The attorney did not physically appear before the Central District, did not sign pleadings, had minimal contact with clients and no contact with opposing counsel, and was supervised by an attorney who was admitted to the California State Bar and who remained solely responsible to the clients. *Winterrowd*, 556 F.3d at 825. The recovery of fees was premised, though, on a finding that the non-admitted attorney "would have certainly been permitted to appear *pro hac vice* had he or she applied. *Id.* at 822.

*Winterrowd* appears to be distinguishable from the instant arrangement in at least two significant respects, however. First, *Winterrowd* involved work in a single case. Here, the undersigned has recently reviewed at least four applications, including this application, for EAJA fees in cases where Mr. Wilborn performed legal work before this Court.[2] In each of these cases, the Court was unaware of his involvement in the case until the fee application was filed because he did not enter an appearance, his name was not on the caption and he did not sign any of the pleadings or filings. In the Eastern District, an attorney is not eligible to practice *pro hac vice* if the attorney (i) resides in California; (ii) is regularly employed in California; or (iii) is regularly engaged in professional activities in California. Local Rule 180(b)(2). Mr. Wilborn's continued legal work before this Court may make him ineligible for *pro hac vice* admission, and thus the

---

[2] *Blecher v. Astrue*, 1:09cv1234 DLB; *Singmuongthong v. Astrue*, 1:09cv1328 DLB; *Roberts v. Astrue*, 1:09cv1581 DLB; and *VonBerckefeldt v. Astrue*, 1:09cv1927 DLB. The Court is also aware of a similar case before another Magistrate Judge, *Downey v. Astrue*, 1:09cv812 SKO.

collection of EAJA fees.  See *Winterrowd*, 556 F.3d at 823 ("We do note, however, that if the record indicated a reason why Wheatley, Sr., would *not* have been admitted *pro hac vice*. . .we could end our inquiry here and refuse to allow the Winterrowd plaintiffs to collect fees for his work.").

Second, the Ninth Circuit found that the conduct of the Oregon attorney who assisted in *Winterrowd* "did not rise to the level of 'appearing' before the district court."  *Id.*  Rather, the attorney "had the role of advising his son and reviewing the pleadings. . ." and the Court analogized this to the role a "consultant."  *Id.*  Mr. Wilborn's role, however, went far beyond that of a consultant or advisor.  As the fee application demonstrates, virtually all of the research, factual and legal analysis and writing was performed by Mr. Wilborn.  *See eg. Crismore v. Astrue,* 2010 WL 1258188 (D. Mont. 2010) (denying EAJA fees where the non-admitted attorney was not eligible to practice *pro hac vice* and his role rose to the level of an appearance).

Therefore, the parties are ORDERED to submit additional briefing on this issue.  Plaintiff's additional briefing is due within 14 days of the date of service of this order.  Plaintiff's additional briefing shall also include a declaration from both Ms. Bosavanh and Mr. Wilborn identifying ALL actions before this Court in which Mr. Wilborn performed legal work.  This includes cases where Plaintiff was unsuccessful in obtaining a remand and cases where the parties stipulated to an EAJA award.

Defendant may file a reply within 7 days of service of Plaintiff's brief.

If the parties fail to provide further briefing, the Court will decide the issue without the benefit of the parties' input.

IT IS SO ORDERED.

   **Dated:   February 10, 2011**      /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE